## STEINER v. SCHWARZ.

(Circuit Court, S. D. New York. November 30, 1906.)

1. PATENTS—VALIDITY AND INFRINGEMENT—DOLL.

The Steiner patent, No. 695,121, for a doll in which there is a combination of a walking mechanism and a sitting mechanism, with an apparatus making the legs rigidly perpendicular when walking and rigidly fixed at right angles to the body when sitting, was not anticipated, and discloses patentable invention; also *held* infringed.

2. SAME—ANTICIPATION—FOREIGN PATENT.

The instrument known under the German law as a "Gebrauchsmuster" is not one the filing of which charges any one with notice of its contents

or which has the effect of a foreign patent as an anticipation of a subsequent United States patent.

In Equity.    On final hearing.

Charles Schloemann (George L. Wheelock, of counsel), for complainant.

Frank v. Briesen, for defendant.

HOLT, District Judge.    This action is brought for the alleged infringement of letters patent 695,121, issued to the plaintiff, Steiner, on March 11, 1902.    The patent relates to a doll constructed so that it can walk when led forward gently by the arms, and can also sit. It contains three claims, only one of which, claim 2, is relied on in this case.    This claim is as follows:

"In a doll of the class described the combination of a frame mounted in the body, and having shanks pivotally connected therewith, plates mounted in the limbs of the figure and pivotally connected to the shanks, a spring-pressed detent carried by the plates and adapted to be engaged and disengaged from the shanks when it is desired to have the figure assume an upright or sitting position."

Walking dolls are old, and the walking mechanism used in this doll is old.    Sitting dolls are old; the means of sitting being simply a joint at the hip.    It is claimed that this patent is nothing but an aggregation of two old mechanisms, a walking mechanism and a sitting mechanism. But it is obvious that the mere aggregation of a walking mechanism and a sitting mechanism would not be sufficient to enable the doll both to walk and to sit, unless there was some additional mechanism making the legs of the doll perpendicular and rigid when walking, and bent when sitting.    The only claim of novelty in this patent consists in the combination of the walking mechanism and the sitting mechanism, with an apparatus making the legs rigidly perpendicular when walking, and rigidly fixed at right angles to the body when sitting. This apparatus is described in the claim as a "spring-pressed detent carried by the plates, and adapted to be engaged and disengaged from the shanks when it is desired to have the figure assume an upright or sitting position."    It consists in having two plates in each leg, pivotally connected, with a little opening in one and a little projection in the other, and a spring pressing them together, so that, when these plates are turned upon a pivot until the leg of the doll is vertical, the projection slips into the opening, constituting what is called in the claim a "spring-pressed detent."    This arrangement holds the leg of the doll rigidly upright when walking.    A gentle pressure, however, removes this detent from the opening, and enables the leg to be moved up at right angles with the body, so as to permit the doll to sit, and, when the leg is at right angles, it becomes locked in that position by the same spring, holding it securely, until by gentle pressure the leg is moved again.    The use of such a detent in other implements, such as carpenters' rules, trunk attachments, pocketknives, and others, is familiar; and it is claimed, therefore, that the entire combination claimed has no novelty.    But, although the invention is a narrow one, and should be strictly confined to exactly what is described in the claim,

I think that a doll constructed in the manner described in the second claim is a substantial improvement over any doll previously constructed which was arranged to walk and to sit at the wish of the child playing with it. The same result was substantially attained by the Simonot patent; but the rigidity of the leg when walking was accomplished by a rather elaborate system of rubber bands, which obviously would easily get out of order or break. I think that the method of constructing the doll described in the complainant's patent showed a substantial improvement in the simplicity and durability of the structure.

In my opinion, also, none of the prior patents cited shows the same combination, and there was nothing in the prior art to invalidate the patent. The Kaemmer & Reinhardt Gebrauchsmuster is strongly relied on as an anticipation. In the first place, on the evidence, I do not think that it was an anticipation in fact. The plaintiff's evidence satisfies me that he made his invention several years before he took out his patent in this country, and that Kaemmer & Reinhardt at first paid him a royalty upon his invention. I think, also, that the evidence shows that the instrument known under the German law as a "Gebrauchsmuster" is not one the filing of which charges any one with notice of its contents. All that is published is the title. Upon the evidence a "Gebrauchsmuster" is somewhat similar to a United States design patent, but it is not a patent. It protects a new construction, without relation to its technical effect. In distinction from a United States design patent, a German Gebrauchsmuster protects not only the outer appearance or shape or artistic design of the model, but also the construction of the inner parts thereof. In examining a Gebrauchsmuster in the German Patent Office, as to whether the same is to be registered or not, the title of the Gebrauchsmuster only is considered, since the latter only is made officially public by printing it in the proper German publication. I do not think, therefore, that the Kaemmer & Reinhardt Gebrauchsmuster has the effect of a foreign patent, or that it constitutes any defense in this action. The evidence is clear that the defendant sold dolls covered by the complainant's patent, and has infringed, if the complainant's patent is valid.

My conclusion is that there should be a decree for the complainant, with costs, and the usual reference to report upon the loss of profits and damage. The order should be settled on notice.